UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08  CV  00030

-------------------------------------------------------X

LINDA SCHAEFER,

                    Plaintiff,

        -against -

PATHMARK STORES, INC.,

                    Defendant.

NOTICE OF REMOVAL

CV

-------------------------------------------------------X

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN AND SOUTHERN DISTRICT OF NEW YORK

This Notice of Removal on behalf of defendant respectfully shows:

1.      An action was commenced against defendant in the Supreme Court of the State of New York, Bronx County on July 6, 2007 with subsequent service on the defendant through the Secretary of State on July 24, 2007, which action is entitled above.  According to the Complaint, plaintiff demands judgment in an amount which "exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." Copies of the Summons and Complaint are attached hereto and marked as **Exhibit "A"**.

2.      Defendant timely interposed its answer to the Complaint.  A copy of the Answer is annexed as **Exhibit "B"**.

3.      On August 15, 2007 defendant served a CPLR §3017(c) "Request for a Supplemental Demand" requiring plaintiff to set forth the total damages to which

he deems himself entitled.  A copy of the "Request for Supplemental Demand" is annexed as **Exhibit "C"**.

   4. In response by letter dated December 28, 2007 plaintiff demands judgment against the defendant in the amount of $750,000.00 **Exhibit "D"**.

   5. The above described action is now one in which this Court has original jurisdiction under the provisions of 28 U.S.C. 1332 and is one which may be removed to this Court by petitioner, pursuant to the provisions of 28 U.S.C. 1441 in that the matter in controversy exceeds the jurisdictional minimum for federal diversity actions exclusive of interest and costs.

   6. Plaintiff was, at the time this action was commenced, and still is, a citizen of the State of New York and resides in Bronx County.  Defendant, was, at the time this action was commenced, and still is, a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of New Jersey.

   **WHEREFORE**, defendant requests that the action now pending against it in the Supreme Court of the State of New York, Bronx County, be removed therefrom to this Court.

Dated: New York, New York
    January 3, 2008

Yours etc.,

KRAL, CLERKIN, REDMOND, RYAN,
        PERRY & GIRVAN
Attorneys for Defendant
Office & P.O. Address
69 East Jericho Turnpike
Mineola, New York 11501
516-742-3470

BY: _____
       HENRY M. PRIMAVERA
       A Member of the Firm

TO:    VOZZA & HUGUENOT
       Attorneys for Plaintiff
       2435 Eastchester Road
       Bronx, New York 10469
       718-654-3330

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK)
              ss:
COUNTY OF NASSAU )

        I, the undersigned, an attorney duly admitted to practice in the Courts of

the State of New York, state:

        That I am a member of the firm of KRAL, CLERKIN, REDMOND, RYAN,

PERRY & GIRVAN, the attorneys of record for the defendant PATHMARK STORES, INC. in

the within action;

        I have read the foregoing NOTICE OF REMOVAL and know the contents

thereof; the same is true to my own knowledge, except as to the matters therein stated

to be alleged on information and belief, and as to those matters I believe it to be true.

The reason this verification is made by me and not by the defendant is that the

answering defendant maintains its principal place of business outside Nassau County.

        The grounds of my belief as to all matters not stated upon my own

knowledge are information, correspondence, conversations and a general investigation of

the facts.

Dated:  Mineola, New York
          January 3, 2008

                                         _____
                                         HENRY M. PRIMAVERA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LINDA SCHAEFER,

                    Plaintiff,                          CV 07

          -against-                                     AFFIDAVIT OF
                                                          SERVICE
  PATHMARK STORES, INC.,

                    Defendant.

--------------------------------------------------------X
STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU  )

          LORETTA GRECO, being duly sworn, deposes and says:
          That your deponent is not a party to the action and is over the age of 18
years and on January 3, 2008 deponent served the within NOTICE OF REMOVAL upon the
attorneys for the respective parties to this action as follows:

TO:    VOZZA & HUGUENOT
       Attorneys for Plaintiff
       2435 Eastchester Road
       Bronx, New York 10469
       718-654-3330

the addresses designated by said attorneys for that purpose by dispatching a true copy
thereof enclosed in a properly addressed wrapper into the custody of Federal Express for
overnight delivery service, prior to the latest time designated by that service for
overnight.

                                                  _____
                                                          LORETTA GRECO

Sworn to before me this
January 3, 2008

_____
NOTARY PUBLIC

          ELIZABETH PENAGOS
       Notary Public, State of New York
              No. 01PE6151103
          Qualified in Nassau County
       Commission Expires Oct. 30, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA SCHAEFER,

        Plaintiff,

-against-

PATHMARK STORES, INC.,

        Defendant.

## NOTICE OF REMOVAL

### KRAL, CLERKIN, REDMOND, RYAN
### PERRY & GIRVAN, LLP

*Attorneys for* PATHMARK

69 EAST JERICHO TURNPIKE
MINEOLA, NEW YORK 11501
(516) 742-3470

### §2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ..............................

Signature ...................................................

Print Signer's Name ...........................................

*Service of a copy of the within*                                 *is hereby admitted.*

*Dated:*

.......................................................
              *Attorney(s) for*

## PLEASE TAKE NOTICE

Check Applicable Box

☐

NOTICE OF
ENTRY

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*           *20*

☐

NOTICE OF
SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                    *, one of the judges of the within-named Court,*
*at*
*on*               *20*      *, at*          *M.*

*Dated:*

                                     **KRAL, CLERKIN, REDMOND, RYAN**
                                         **PERRY & GIRVAN, LLP**

                    *Attorneys for*

*To:*                                       69 EAST JERICHO TURNPIKE
                                      MINEOLA, NEW YORK 11501

*Attorney(s) for*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

_Index # 17378/07_
_Filed_
_1/13/07_

---

LINDA SCHAEFER,

Plaintiffs,

against

PATHMARK STORES, INC.,    ~~Secretary of State~~

Defendants

---

**Plaintiff designates
Bronx County
as the place for trial**

## SUMMONS

**Plaintiff resides at
50 Westchester Ave
County of Bronx**

**To The Above Named Defendant(s):**

YOU ARE HEREBY SUMMONED to answer the complaint in the above action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally served to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
      July 6, 2007

F. FRANK VOZZA
VOZZA & HUGUENOT, ESQS.
Attorneys for Plaintiff
2435 Eastchester Road
Bronx, New York 10469
(718) 654-3330

Defendants' Addresses:

PATHMARK STORES, INC., 1720 Eastchester Road, Bronx, New York 10461

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK)
COUNTY OF BRONX  )  ss.:

    The undersigned, being duly sworn deposes and says that deponent is a plaintiff in the within action; that deponent has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof; that the same are true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

_____
          LINDA SCHAEFER

Sworn to before me
on July 6, 2007

_____
Notary Public

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the State of New York, affirms:

That I am the attorney of record for the plaintiff in the within action; that the undersigned has read the foregoing and knows the contents thereof; that the same are true from the affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by our client is that the plaintiff is presently not within the county where your affirmant maintains his office.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are based on materials contained in the office file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: Bronx, New York
       July 6, 2007

_____
F. FRANK VOZZA, ESQ.

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF BRONX

LINDA SCHAEFER,

Plaintiffs,

- against -

PATHMARK STORES, INC.,

Defendants.

## SUMMONS AND COMPLAINT

**VOZZA & HUGUENOT, ESQS**
**Attorneys for Plaintiff**
**Office & P.O. Address**
**2435 Eastchester Road**
**Bronx, New York 10469**
**(718) 654-3330**

Dated:  Bronx, New York
        July 6, 2007

TO:    PATHMARK STORES, INC., 1720 Eastchester Road, Bronx, New York 10461



**SUPREME COURT**
**COUNTY OF BRONX**

_____

**LINDA SCHAEFER,**

                              **Plaintiffs,**

                **- against -**

**PATHMARK STORES, INC.,**

                            **Defendants.**

                                             **VERIFIED**
                                             **COMPLAINT**

_____

Plaintiff, complaining of the defendants, by her attorneys, **VOZZA & HUGUENOT, ESQS.,** respectfully submits and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF,

1.  That at all times hereinafter mentioned, the plaintiff was and still is a resident of **Bronx** County.

2.  That at all times hereinafter mentioned, and upon  information and belief, the defendant, PATHMARK STORES, INC.  is a **domestic corporation** or in the alternative is a corporation authorized to do business in the State of New York.

3.  That at all times hereinafter mentioned, the defendant, PATHMARK STORES, INC., its agents, servants and/or employees **owned**, the building and/or premises  known as 1720 Eastchester Road, Bronx, New York 10461**.**

      a. That at all times hereinafter mentioned, the defendant, hereinbefore mentioned its agents, servants and/or employees **operated** said building and/or premises.

      b. That at all times hereinafter mentioned, the defendant, hereinbefore mentioned its agents, servants and/or employees **managed** said building and/or premises.

c. That at all times hereinafter mentioned, the defendant, hereinbefore mentioned its agents, servants and/or employees **maintained** said building and/or premises.

d. That at all times hereinafter mentioned, the defendant, hereinbefore mentioned its agents, servants and/or employees **controlled** said building and/or premises.

e. That at all times hereinafter mentioned, the defendant, hereinbefore mentioned its agents, servants and/or employees **supervised** said building and/or premises.

4.    That it was the duty of said defendants to maintain said building and/or premises in good repair and free from hazard, defect and danger so that all persons might travel over, or occupy and use, same in safety.

5.  That on or about July 4, 2006 while plaintiff was lawfully and legally on said building and/or premises of the defendants, plaintiff was caused to sustain serious and severe personal injuries  due to the carelessness, recklessness and negligence of the defendants, its agents, servants, and or employees.

6.  That at the aforestated time and place while the plaintiff was lawfully on/at the premises abovementioned, the  defendant, its agents, servants, and or employees caused, created, suffered, permitted and allowed the premises to be in an unsafe, dangerous, defective, hazardous and trap-like condition and  allowed said condition to remain for a long and unreasonable  length of time; that the defendant failed to maintain, operate  and control said premises in a safe and proper manner; that the  defendants failed to give any

warning of any kind to the plaintiff that said condition did in fact exist and defendant was otherwise careless and negligent.

7. That the defendants, its agents, servants and/or employees knew or by the exercise of reasonable care should have known that said unsafe, hazardous, dangerous and trap-like condition existed and in fact existed for a long and unreasonable length of time.

8. That the aforementioned occurrence was caused solely as a result of the negligence of the defendants, without any negligence on the part of the plaintiff contributing thereto.

9. That solely as a result of the foregoing, plaintiff, LINDA SCHAEFER, sustained serious, severe and personal injuries, has suffered loss of enjoyment of life and has been otherwise damaged.

10. That the aforesaid injuries were sustained as a result of the carelessness, recklessness and negligence of defendants without any culpable conduct on the part of the plaintiff contributing thereto.

11. That plaintiffs plead one or more exceptions under Article 16 of the CPLR.

12. That solely as a result of the negligence of the defendants as aforesaid, plaintiff, LINDA SCHAEFER was caused to sustain serious, severe and permanent injuries.

13. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against defendant in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: Bronx, New York
     July 6, 2007

                                            F. FRANK VOZZA

                                            **VOZZA & HUGUENOT, ESQS.**
                                            **Attorneys for Plaintiff**
                                            **2435 Eastchester Road**
                                            **Bronx, New York  10469**
                                            **(718) 654-3330**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
==============================X

LINDA SCHAEFER,

                      Plaintiff,         Index #17378/07

        -against-              **VERIFIED ANSWER**

PATHMARK STORES, INC.,

                    Defendant.

==============================X

        Defendant, PATHMARK STORES, INC., by its attorneys, KRAL, CLERKIN,

REDMOND, RYAN, PERRY & GIRVAN, answering the Complaint of the plaintiff, sets forth

upon information and belief the following:

        FIRST:  Defendant denies having knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph "1" of the

Complaint.

        SECOND:  Defendant denies each and every allegation contained in

paragraph "2" of the Complaint except admits that PATHMARK STORES, INC. is a

corporation authorized to do business in the State of New York.

        THIRD:  Defendant denies each and every allegation contained in

paragraphs "3", "5", "6", "7", "8", "9", "10", "11", "12" and "13" of the Complaint.

        FOURTH:  Defendant denies each and every allegation contained in

paragraph "3a" of the Complaint except admits that the defendant operated a "Pathmark"

supermarket.

FIFTH:  Defendant denies each and every allegation contained in paragraph "3b" of the Complaint except admits that the defendant managed a "Pathmark" supermarket.

SIXTH:  Defendant denies each and every allegation contained in paragraph "3c" of the Complaint except admits that the defendant maintained a "Pathmark" supermarket.

SEVENTH:  Defendant denies each and every allegation contained in paragraph "3d" of the Complaint except admits that the defendant controlled a "Pathmark" supermarket.

EIGHTH:  Defendant denies each and every allegation contained in paragraph "3e" of the Complaint except admits that the defendant supervised a "Pathmark" supermarket.

NINTH:  Defendant denies each and every allegation contained in paragraph "4" of the Complaint in the form alleged and respectfully refers all questions of law to the determination of the court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TENTH:  Upon information and belief, the injuries sustained by plaintiff and any alleged damages were caused in whole or in part, or were contributed to by reason of the negligence, want of care, carelessness, assumption or risk, or other culpable conduct on the part of the plaintiff and by reason of the foregoing, the damages allegedly attributable or otherwise recoverable herein should be reduced proportionately.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ELEVENTH:  That the plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit.  Therefore, the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH:  These answering defendants' equitable shares of the total liability assigned to all persons liable, if any, if fifty percent (50%) or less.

**WHEREFORE**, the defendant PATHMARK STORES, INC. demand judgment dismissing plaintiff's Verified Complaint together with the costs and disbursements of this action.

Dated:  Mineola, New York
August 15, 2007

Yours, etc.,

KRAL, CLERKIN, REDMOND, RYAN,
PERRY & GIRVAN, LLP
Attorneys for Defendant
PATHMARK STORES, INC.
Office & P.O. Address
69 East Jericho Turnpike
Mineola, New York 11501
(516) 742-3470

BY: _____
HENRY M. PRIMAVERA

TO:　VOZZA & HUGUENOT, ESQS.
　　　Attorneys for Plaintiff
　　　2435 Eastchester Road
　　　Bronx, New York 10469
　　　(718) 654-3330

STATE OF NEW YORK)
              ss:
COUNTY OF NASSAU )

        I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York, state:

        That I am a member of the firm of KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP, the attorneys of record for the defendant PATHMARK STORES, INC. in the within action;

        I have read the foregoing Answer to Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the defendant is that the answering defendant maintains its principal place of business outside Nassau County.

        The grounds of my belief as to all matters not stated upon my own knowledge are information, correspondence, conversations and a general investigation of the facts.

Dated:  Mineola, New York
         August 15, 2007

                                              _____
                                            HENRY M. PRIMAVERA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------- ------X

LINDA SCHAEFER,                                    Index #17378/07

                        Plaintiff,

                                                   **CPLR Section 3017(c)**
        -against-                                  **REQUEST FOR A**
                                                   **SUPPLEMENTAL DEMAND**
PATHMARK STORES, INC.,

                        Defendant.

-----------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE, that pursuant to CPLR Section 3017(c) defendant,

PATHMARK STORES, INC., hereby demand that within fifteen (15) days plaintiff, LINDA

SCHAEFER, provide a Supplemental Demand setting forth the total damages to which

plaintiff deems herself entitled.

        PLEASE TAKE FURTHER NOTICE, that in the event the Supplemental

Demand is not served within fifteen (15) days of this request, defendant shall move for

an Order requiring plaintiff's compliance.

Dated:  Mineola, New York
        August 15, 2007

Yours, etc.,

KRAL, CLERKIN, REDMOND, RYAN,
          PERRY & GIRVAN, LLP
Attorneys for Defendant
Office & P.O. Address
69 East Jericho Turnpike
Mineola, New York 11501
(516) 742-3470

BY: _____
          HENRY M. PRIMAVERA

TO: VOZZA & HUGUENOT, ESQS.
      Attorneys for Plaintiff
      2435 Eastchester Road
      Bronx, New York 10469
      (718) 654-3330

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------X
LINDA SCHAEFER,

                         Plaintiff,            Index #17378/07

         -against-                        **Affidavit of Service**

PATHMARK STORES, INC.,

                         Defendants.
-------------------------------------------------------X

STATE OF NEW YORK )
               ) ss.:
COUNTY OF NASSAU  )

         LORETTA GRECO, being duly sworn, deposes and says: That your deponent is not a party to the action and is over the age of 18 years old and on  August 16, 2007 served the within VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, COMBINED DEMAND, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION AND SUPPLEMENTAL DEMAND upon the attorneys for the respective parties to this action as follows:

TO:   VOZZA & HUGUENOT, ESQS.
       Attorneys for Plaintiff
       2435 Eastchester Road
       Bronx, New York 10469
       718-654-3330

the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                     LORETTA GRECO

Sworn to before me this
August 16, 2007

NOTARY PUBLIC

       ELIZABETH PENAGOS
    Notary Public, State of New York
        No. 01PE5051168
     Qualified in Nassau County
   Commission Expires Oct. 30, 2009

# Vozza  & Huguenot
# Attorneys At Law



**F. Frank Vozza**
**Michael Z. Huguenot**

**2435 Eastchester Road**
**Bronx, New York 10469**
**(718) 654-3330**
**FAX: (718) 654-1374**
*www.accidentcash.com*

December 28, 2007

Kral Clerkin Redmond Ryan
Perry & Girvan, LLP
69 East Jericho Turnpine
Mineola, New York 11501

Attention: Henry M. Primevera, Esq.

Re:    SCHAEFER V. PATHMARK STORES, INC.
       Date of Accident: July 4, 2006
       Your File No.: 901838

Dear Mr. Primevera:

In response to your prior request, be advised that we hereby make a demand in the
sumo f $750,000.00 in this case.

Thank you for your attention herein.


Very truly yours,

VOZZA & HUGUENOT, ESQS.


BY: F. FRANK VOZZA
/wjo